IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ERIC VASQUEZ,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 PETITION<br><br>Civil Case No. 2:09-CV-01126-TC<br><br>Criminal Case No. 2:06-CR-6TC |

      Federal prisoner Eric Vasquez has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. He seeks a court order modifying or vacating the sentence he received after pleading guilty in <u>United States v. Eric Vasquez</u>, Case No. 2:06-CR-6 (D. Utah)[1].

      Mr. Vasquez was charged, along with several co-defendants, in a multi-count indictment alleging various drug-trafficking violations. He plead guilty to one count of conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 841(b)(1)(A). In his plea agreement, Mr. Vasquez agreed to waive any appeal and collateral attacks on his sentence:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to

---

[1]All citations in the order are to the criminal case unless otherwise noted.

> appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
>
> I also knowingly; voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Dkt. No. 619, p. 3-4).

Mr.Vasquez faced a possible life sentence and a minimum mandatory term of ten-years incarceration. His guideline range, as calculated in the Presentence Report (PSR) was 97 to 121 months. (PSR at ¶ 89). The court sentenced Mr. Vasquez to 120 months, the minimum mandatory sentence. (Judgment in a Criminal Case, Dkt. No.626).

Mr. Vasquez does not clearly articulate his grounds for relief. But, in any event, Mr. Vasquez waived his right to challenge his sentence either by appeal or by collateral review. Such a waiver is enforceable as a matter of law. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (holding that express waiver of § 2255 rights in plea agreement is enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly and voluntarily made); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel with respect to plea agreement).

The court finds that Mr. Vasquez's waiver is valid because the evidence shows that he voluntarily, knowingly and intelligently entered into the plea agreement with the United States.[2]

**ORDER**

For the foregoing reasons, Eric Vasquez's § 2255 Motion is DENIED.

DATED this 28th day of September, 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL

Chief Judge

---

[2] Mr. Vasquez filed two requests for discovery which the court denied because Mr. Vasquez failed to specify what particular discovery he needed and why such discovery was necessary. (Case No. 09cv1125, Dkt. Nos. 5, 6, 7, 8 & 9).